FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BURT S.,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 4:25-CV-05020-ACE<br><br>ORDER GRANTING PLAINTIFF'S MOTION<br><br>**ECF Nos. 10, 14** |

    **BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 14. Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

    Plaintiff filed an application for Supplemental Security Income in July 2020, alleging onset of disability on April 26, 2019. Tr. 361. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

Palachuk held a hearing on March 2, 2022, and issued an unfavorable decision on March 23, 2022. At the hearing, the alleged onset date was amended to June 4, 2020. The Appeals Council denied Plaintiff's request for review; however, on January 18, 2024, the undersigned judicial officer granted Plaintiff's motion and remanded the case for additional proceedings. Tr. 1258-1269. The matter was remanded, a new administrative hearing was held, and ALJ Marie Palachuk again issued an unfavorable decision. Tr. 1164-1182. Plaintiff filed the instant action for judicial review on March 4, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 6, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 1164-1182.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the June 4, 2020, the amended alleged onset date. Tr. 1168.

At step two, the ALJ determined Plaintiff had the following severe impairments: Major Depressive Disorder (MDD), General Anxiety Disorder (GAD), Posttraumatic Stress Disorder (PTSD), and Schizoaffective Disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1169.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of work at all exertional levels, with the following nonexertional limitations:

> From a psychological perspective, the claimant has the ability to understand, remember and carry out simple, routine tasks and can maintain concentration, persistence or pace for the two-hour intervals between regularly scheduled breaks.  He can adapt to occasional and simple changes.  There should be no interaction with the public, and only occasional and superficial (defined as non-collaborative) interactions with coworkers.

Tr. 1170.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 1180.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of hand packager; assembler, motor vehicle; and industrial cleaner. Tr. 1181-1182.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset date, June 4, 2020, through the date of the decision, January 6, 2025. Tr. 1182.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred (1) in improperly evaluating the medical opinion evidence; (2) by failing to conduct an adequate analysis at step three and failing to find Plaintiff disabled as meeting or equaling a listing; (3) in rejecting Plaintiff's subjective complaints; and (4) in failing to conduct an adequate analysis at step five.  ECF No. 10 at 5.

## DISCUSSION

**A.    Medical Opinions**

Plaintiff contends the ALJ erred by rejecting the disabling opinions of seven medical sources. ECF No. 10 at 7. Defendant responds that although the ALJ erred in the evaluation with respect to two medical professionals, Drs. Carstens and Page, a remand for additional proceedings is warranted because there remain conflicts in the medical opinion evidence that only the ALJ can resolve. ECF No. 14 at 3.

*1.  Drs. Genthe and Morgan*

On January 10, 2019, examining psychologist Thomas Genthe, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff. Tr. 488-494. Dr. Genthe diagnosed schizophrenia, major depressive disorder, and cannabis use disorder, Tr. 490, and assessed solely marked and severe limitations including marked limitations in Plaintiff's abilities to understand, remember and persist in tasks by following very short and simple instructions, learn news tasks, perform routine tasks without special supervision, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, and set realistic goals and plan independently and severe limitations in Plaintiff's abilities to understand, remember and persist in tasks by following detailed instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances without special supervision, adapt to changes in routine work settings, communicate and perform effectively in a work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms, Tr. 490-491. Dr. Genthe opined that Plaintiff's overall severity rating was severe and indicated that while Plaintiff's medication regimen appeared to manage his depression and psychotic symptoms moderately well, Plaintiff was clearly very heavily sedated, which would interfere with his ability to initiate or maintain future employment.

Tr. 491.  Dr. Genthe consequently opined that Plaintiff was unlikely to function adequately and/or consistently in a work setting until his psychological symptoms were managed more effectively.  *Id.*

On June 4, 2020, examining psychologist David T. Morgan, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff and found that Plaintiff had marked limitations in his abilities to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances without special supervision, learn new tasks, perform routine tasks without special supervision, adapt to changes in routine work settings, be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and set realistic goals and plan independently.  Tr. 607-611.  Dr. Morgan opined that Plaintiff's overall severity rating was marked.  Tr. 609.

The ALJ concluded the reports of Drs. Genthe and Morgan were "not persuasive," finding their assessments were not supported by their examination results, inconsistent with the longitudinal record, and not consistent with Plaintiff's activities.  Tr. 1176.

First, because Defendant fails to mention either doctor in briefing, Defendant apparently concedes that the ALJ erred by failing to properly evaluate the opinions of Drs. Genthe and Morgan.  *See Stichting Pensioenfonds ABP v. Country Financial Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (finding, in most circumstances, that the failure to respond in an opposition brief to an argument put forward in an opening brief constitutes a waiver or abandonment in regard to the uncontested issue).  Second, the rationale cited by the ALJ to discount the opinions of Drs. Genthe and Morgan has already been rejected by this Court in the prior remand order.  *See* Tr. 1262-1265.  Finally, the undersigned finds that the opinions of Drs. Genthe and Morgan are supported by their clinical observations

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

and examination findings; consistent with the longitudinal record, including the medical opinions discussed below; and not contradicted by Plaintiff's minimal activities of daily living.

The ALJ's rejection of the opinions of Drs. Genthe and Morgan is not supported by substantial evidence.

*2. Treating Providers Josue Reyes, ARNP, and Merridy Smith, MSW*

Josue Reyes, ARNP, treated Plaintiff between 2015 and 2022 and prepared a medical source statement on January 11, 2022. Tr. 1154-1156. ARNP Reyes opined that Plaintiff was severely limited (unable to perform the demands of even sedentary work). Tr. 1155.

On January 6, 2022, treating mental healthcare provider Merridy Smith, MSW, completed a mental residual functional capacity assessment form. Tr. 1158-1160. Ms. Smith opined Plaintiff was "severely limited" in 18 of 20 categories of mental activities and assessed Plaintiff as having "extreme" limitations in all paragraph B criteria of mental listings. *Id*. Ms. Smith found Plaintiff would be off task and unproductive over 30% of a 40-hour workweek and would miss four or more days of work per month. Tr. 1160.

The ALJ determined that these medical professional opinions were "not persuasive," as unsupported by and inconsistent with their reported observations. Tr. 1176-1177.

Defendant again fails to mention either medical professional in the briefing, *see Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132, and the reasoning cited by the ALJ to discount the opinions was previously rejected by this Court, *see* Tr. 1265-1267. ARNP Reyes and Ms. Smith treated Plaintiff for multiple years and substantial medical evidence in the form of treatment notes document and support their assessed findings. The ALJ erred by rejecting the reports of ARNP Reyes and Ms. Smith.

///

   *3. Ronald Page, Ph.D.*

   On April 13, 2023, Ronald Page, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff. Tr. 3094-3099. Dr. Page noted Plaintiff had been enrolled in special education programs throughout his academic career, had not obtained a driver's license, and had lived in subsidized housing for several years. Tr. 3095. Dr. Page found Plaintiff was markedly limited in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms and had an overall severity rating of marked. Tr. 3096. He opined "[t]his man's combined, psychiatric and cognitive deficits may justify permanent disability status." Tr. 3097.

   The ALJ found Dr. Page "not persuasive," noting the assessed marked limitation was unsupported by his examination findings that stated Plaintiff was on time, had adequate hygiene and concentration and memory within normal limits and inconsistent with Plaintiff's ability to attend appointments on time and follow housing rules. Tr. 1179-1180.

   Given Dr. Page's examination findings also showed symptoms of modest cognitive functioning, depression, poor ego strength, psychosis, sleep disturbance, nightmares, and anxiety; somewhat decelerated and obtuse speech; subdued mood; perhaps flat affect; thought process and content and perception not within normal limits, with chronic auditory hallucinations; fund of knowledge not within normal limits, with marginal literacy; and insight and judgment not within normal limits, Tr. 3095, 3097-3099, Defendant justifiably concedes that a remand is necessary to reevaluate the opinion of Dr. Page, ECF No. 14 at 3. Dr. Page's assessed marked limitation in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms is additionally consistent with the opinions of the medical professionals discussed above and below and the weight of the record evidence. The undersigned finds the ALJ's rejection of Dr. Page's opinion is not supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

    *4. Luci Carstens, Ph.D., P.S.*

On April 25, 2023, state agency reviewer, Luci Carstens, Ph.D., P.S., reviewed Dr. Page's evaluation and concurred with his opinions for the most part but noted, based on available clinical evidence regarding Plaintiff's mental health issues and their impact on his functioning status, a greater level of functional limitation was warranted. Tr. 3100-3101.

The ALJ's decision fails to address the report of Dr. Carstens, and Defendant concedes a remand is necessary for the ALJ to evaluate the doctor's opinion. ECF No. 14 at 3. The undersigned judicial officer finds the ALJ harmfully erred by failing to discuss the report of Dr. Carstens regarding Plaintiff's mental functioning.

    *5. Bryan Larson, PMHNP*

On April 5, 2024, Bryan Larson, PMHNP, completed a psychiatric evaluation of Plaintiff. Tr. 1609-1616. Mr. Larson opined Plaintiff was not able to understand, remember and carry out complex instructions; not able to sustain concentration and persist in work-related activity at a reasonable pace, including regular attendance at work and completing work without interruption; and not able to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace. Tr. 1615.

The ALJ determined that Mr. Larson's April 2024 report was "not persuasive," because while his opinions were "somewhat supported by observations," they were inconsistent with the longitudinal record which documented Plaintiff's ability to communicate in a clear, linear and logical manner. Tr. 1179.

In addition to Defendant again failing to specifically contest Plaintiff's argument with respect to Mr. Larson, *see Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132, it is clear to the Court that Mr. Larson's opinion is in fact consistent with the longitudinal record, including the opinions of the multiple

medical professionals discussed above. The ALJ's rejection of the opinions of Mr. Larson is not supported by substantial evidence.

   6. *Lillie McCain, Ph.D.*

  Lillie McCain, Ph.D., testified as a medical expert at the prior administrative hearing (March 2, 2022) and opined that Plaintiff's ability to function occupationally or socially were not limited by mental illness and that Plaintiff was not limited in his abilities to understand, remember and apply information, interact with others and concentrate and persist and this testimony was credited by the ALJ in the ALJ's initial decision. However, the undersigned's January 18, 2024 remand order determined the ALJ misevaluated the medical evidence, including the opinion of Dr. McCain, and directed the ALJ on remand to reevaluate Dr. McCain's opinion. Tr. 1267-1269. Although Defendant now urges the Court to not ignore this medical expert's testimony, ECF No. 14 at 3-5,[1] the ALJ on remand found the aforementioned opinions of Dr. McCain were not persuasive because they were inconsistent with the record as a whole. Tr. 1175.

  The Court finds the opinions of Dr. Genthe (2019) and Dr. Morgan (2020), the 2022 findings of ARNP Reyes and Ms. Smith, the 2023 evaluation completed by Dr. Page, the 2023 review completed by Dr. Carstens, and the 2024 evaluation performed by Mr. Larson, all consistent assessments which Defendant has failed to specifically challenge in briefing, demonstrate that Plaintiff had disabling mental limitations during the relevant time period.

---

[1]Defendant also directs the Court's attention to the prior administrative findings of Renee Eisenhauer, Ph.D., (Tr. 216-223 (October 2, 2020)) Steven Haney, M.D., (Tr. 229-234 (April 30, 2021)) and Matthew Comrie, Psy.D. (Tr. 1245-1249 (October 19, 2023)). ECF No. 14 at 3-5. The Court finds the opinions of these medical professionals are not supported by and are inconsistent with the weight of the record evidence. *See supra*.

**B.    Step Three**

Plaintiff contends that the ALJ erred at step three by failing to find that he meets or equals a listing based on the improperly rejected opinions of the medical providers discussed above. ECF No. 10 at 19-20. Because the case is being remanded for an immediate calculation of benefits based on the Court's conclusion that the weight of the medical evidence of record demonstrates that Plaintiff had disabling mental limitations during the relevant time period, *see infra*, the Court need not specifically address the step three issue raised by Plaintiff.

**C.    Symptom Claims**

Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints. ECF No. 10 at 20-21. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 1171. In assessing Plaintiff's subjective complaints,

1    the ALJ found some objective medical findings were at odds with Plaintiff's
2    allegations, Plaintiff's hallucination symptoms improved with medication, and
3    Plaintiff's reported activities of daily living suggested he was not as functionally
4    limited as alleged. Tr. 1171-1174. While these reasons for discounting Plaintiff's
5    testimony may find some support in the record, the undersigned finds substantial
6    evidence, and specially the medical opinions discussed above, corroborate Plaintiff
7    allegations of disabling mental limitations during the relevant time period. This
8    matter shall be remanded for an immediate calculation of benefits.

**D.    Step Five**

Plaintiff lastly challenges the ALJ's step five determination because the ALJ relied on an incomplete hypothetical to the vocational expert. ECF No. 20 at 21-22. Based on vocational expert testimony pertaining to the opinions of the medical professionals outlined above, Tr. 1206-1207, there is no work available with which Plaintiff could perform. The ALJ erred at step five.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is adequate for a proper determination to be made and further development is not necessary.

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in

question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

In this case, all three parts of the standard are met. The record has been fully developed and further proceedings are not necessary. As discussed above, the ALJ failed to provide legally sufficient reasons to reject multiple medical source opinions. Therefore, the second prong of the credit-as-true rule is met. The third prong of the credit-as-true rule is satisfied because if those medical opinions were credited as true, the ALJ would be required to find Plaintiff disabled. Finally, the record as a whole does not leave serious doubt as to whether Plaintiff was disabled during the relevant time period. *See Garrison*, 759 F.3d at 1021. The record reflects that Plaintiff has disabling mental limitations.

Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted). Here, Plaintiff filed for SSI benefits in 2020, the case has already been before this Court, and the ALJ twice erred by failing to properly evaluate the medical opinion evidence. It has been over five years since Plaintiff applied for benefits. Considering this delay and the harmful errors by the ALJ in two prior decisions, it is appropriate for this Court to apply the "credit as true" doctrine pursuant to Ninth Circuit precedent and remand this case for an award of benefits.

Accordingly, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate calculation of benefits. **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand for an immediate award of benefits, **ECF No. 10**, is **GRANTED**.

2.  Defendant's motion to reverse and remand for additional proceedings, **ECF No. 14**, is **DENIED**.

3.  The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4.  An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED October 16, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE